J-S14003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR ALI ROLLIE, | : | |
| | : | |
| Appellant | : | No. 3113 EDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004832-2013,
CP-23-CR-0005439-2013

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 13, 2020**

Omar Ali Rollie appeals from the September 16, 2019 order that dismissed his second petition under the Post-Conviction Relief Act ("PCRA") as untimely.  We affirm.

On June 23, 2013, Appellant was involved in an altercation in a public parking lot that culminated in him shooting an AK-47 at three other men.  ***See Commonwealth v. Rollie***, 131 A.3d 101, at *1-*2 (Pa.Super. 2015) (unpublished memorandum).  Upon taking Appellant into custody shortly thereafter, responding officers also discovered thirty-one separate baggies of marijuana in his back pocket.  ***Id***.  At docket number CP-23-CR-0004832-2013, Appellant was charged with, *inter alia*, multiple counts of attempted murder, aggravated assault, terroristic threats, possession of drug paraphernalia, and recklessly endangering another person ("REAP").

Separately, at docket number CP-23-CR-0005439-13, Appellant was charged with possession of a controlled substance with intent to deliver ("PWID").

A jury convicted Appellant of numerous offenses. *See Rollie*, *supra* at *1. In an unpublished memorandum filed on August 24, 2015, this Court upheld Appellant's judgment of sentence. *Id*. at *4. Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court with respect to his direct appeal. He filed a timely PCRA petition, which was denied by the PCRA court without an evidentiary hearing. On appeal, this Court affirmed the dismissal of Appellant's petition, and our Supreme Court affirmed. *See Commonwealth v. Rollie*, 185 A.3d 1094, at *4 (Pa.Super. 2018) (unpublished memorandum); *Commonwealth v. Rollie*, 185 A.3d 1094 (Pa. 2018) (*per curiam* order).

On December 17, 2018, Appellant filed the *pro se* PCRA petition that is the subject of the instant appeal, listing both of the above-referenced docket numbers. The PCRA court appointed counsel to represent Appellant, who concluded that Appellant had no meritorious claims and submitted a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). After reviewing these submissions, the trial court granted counsel's request to withdraw. Thereafter, the PCRA court also dismissed Appellant's petition by order dated September 12, 2019. The trial court's order informed Appellant of his right to appeal, and noted that "[s]uch appeal must be in writing and be filed . . . within thirty (30) days after the entry of this Order." Order,

9/12/19. In response, Appellant filed a single *pro se* notice of appeal, listing both docket numbers related to his convictions.[1] Both Appellant and the trial court have timely complied with their obligations under Pa.R.A.P. 1925.

Appellant has listed the following questions presented in his brief:

1). Did the PCRA court err and/or abuse its discretion in failing to grant [PCRA] relief where trial counsel, appellate and PCRA counsel rendered ineffective assistance by failing to object and move for the exclusion of one of the counts of attempted murder where this alleged victim was available[?]

2). The Commonwealth claims appellant's second PCRA is untimely, this is incorrect, based on the record.

---

[1] Due to Appellant's filing of a single notice of appeal in a case implicating multiple docket numbers, this case implicates our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (citing Pa.R.A.P. 341(a) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. **The failure to do so will result in quashal of the appeal**.")). However, we placed a hold on this case to await decisions in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*), and **Commonwealth v. Larkin**, 235 A.3d 350 (Pa.Super. 2020) (*en banc*), which both considered the scope of **Walker**.

Ultimately, **Larkin** reaffirmed that we may overlook the requirements of **Walker** where "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Larkin**, **supra** at 354 (citing **Commonwealth v. Stansbury**, 219 A.3d 157, 159 (Pa.Super. 2019)). Specifically, Larkin filed a single notice of appeal from the denial of his PCRA petition implicating multiple docket numbers. This Court concluded that the PCRA court's singular reference to "an appeal" in the order denying Larkin's petition constituted a sufficient breakdown to excuse compliance with **Walker**.

Instantly, the PCRA court's September 12, 2019 order erroneously suggested that Appellant would only need to file a single appeal to preserve his rights. **See** Order, 9/12/19, at ¶ 2 ("**Such appeal** must be in writing and be filed . . . within thirty (30) days after the entry of this Order." (emphasis added)). Therefore, we decline to quash Appellant's appeal pursuant to **Larkin**.

3). Whether this (1) count of attempted murder is illegal based on this alleged victim['s] availability for a deposition, for a preliminary hearing, and for trial, the Commonwealth choose not to do neither [sic].

4). Whether the Commonwealth is abusing the office of the court, time stamping Appellant's notice of appeal on October 25, 2019, when Appellant sent his notice of appeal September 26, 2019[,] just to dismiss his appeal.

Appellant's brief at 2 (capitalization cleaned up).

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013). We must view the evidence of record in the light most favorable to the prevailing party at the PCRA court level. **See Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012). However, we apply a *de novo* standard of review with specific regard to the PCRA court's legal conclusions. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

Prior to assessing the arguable merits of Appellant's claims, we must assess whether or not his petition was timely filed. **See Commonwealth v. Walters**, 135 A.3d 589, 591-92 (Pa.Super. 2016) ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."). In pertinent part, the PCRA provides as following regarding timeliness:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United Sates;

    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). In reviewing these statutory provisions, it is also important to note that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." **Commonwealth v. Brown**, 943 A.2d 264, 267 (Pa. 2008).

Appellant denies that his second PCRA petition was untimely filed, and has engaged in a number of novel interpretations of the timeline in his case. Stated succinctly, we disagree. Appellant filed a direct appeal

from his judgment of sentence, which this Court denied on August 24, 2015. Thereafter, Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court and his time to do so expired on September 24, 2015. *See* Pa.R.A.P. 903(a) (appeals must be taken within 30 days from the entry of the appealable order). Consequently, Appellant had until September 26, 2016, to file a timely PCRA petition. The instant PCRA petition was not filed until December 17, 2018. Consequently, it is untimely by more than two years.

Although it is possible to establish the applicability of one of the exceptions to timeliness pursuant to 42 Pa.C.S. § 9545(b)(1)(i)-(iii), the statute requires that petitioners must "allege" and "prove" the applicability of at least one such exception. Unfortunately, Appellant has not asserted that any of the timeliness exceptions set forth at § 9545(b)(1)(i)-(iii) are applicable to his case in either his original PCRA petition, or in his appeal before this Court. As such, Appellant has failed to raise or prove the applicability of any operative exceptions to timeliness. Thus, his PCRA petition is untimely and the PCRA court was without jurisdiction to entertain his claims *ab initio*. **See Commonwealth v. Blackwell**, 936 A.2d 497, 500 (Pa.Super. 2007) ("[F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal."); **see also Commonwealth v. Liebensperger**, 904 A.2d 40, 46 (Pa.Super. 2006)

("These exceptions must be specifically pleaded or they may not be invoked.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/20